UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

HUGO ANDRADE and
MARIA GONZALEZ,

       Plaintiffs,

v.                                              Case No.  1:15-CV-713

CARRINGTON MORTGAGE SERVICES,        HON. GORDON J. QUIST
LLC, and BANK OF AMERICA, N.A.,

       Defendants.
_____/

## OPINION

Plaintiffs, Hugo Andrade and Maria Gonzalez, have sued Defendants, Carrington Mortgage Services, LLC and Bank of America, N.A. (BANA), alleging various state- and federal-law claims arising out of a mortgage loan they obtained from Arbor Mortgage for their residential property, and the foreclosure of such mortgage after they defaulted on their loan.  Plaintiffs initially filed their Complaint in the Kent County Circuit Court on or about May 18, 2015.  BANA removed the case to this Court on July 8, 2015 on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a).  In August 2015, Carrington and BANA filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiffs have failed to respond to either motion within the time specified by the local rules.  *See* W.D. Mich. LCivR 7.2(c).

For the following reasons, the Court will grant Defendants' motions and dismiss Plaintiffs' Complaint with prejudice.

### I. BACKGROUND

The following facts are based on the allegations in the Complaint, matters of public record, and exhibits attached to Defendants' motions that are referred to in the Complaint.[1]

---

[1] Although a court is normally precluded from considering matters outside of the pleadings in addressing a motion under Rule 12(b)(6), courts may consider various documents without converting the motion to a motion for summary judgment.  "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's

On May 23, 2005, Plaintiffs obtained a loan from Arbor Mortgage Corporation in the principle amount of $117,808. (Dkt. # 1-1 at Page ID#12; dkt. # 1-3.) Plaintiffs signed a note and granted Arbor Mortgage a mortgage (the Mortgage) on real property located at 840 First Street, Grand Rapids, Michigan 49504, as security for the loan. (Dkt. ## 1-3, 1-4.) On May 27, 2005, Arbor Mortgage assigned the Mortgage to Marathon Financial Corporation, and the assignment was subsequently recorded in the Kent County Register of Deeds. (Dkt. # 17-1.) On April 26, 2010, Marathon Financial Corporation assigned the Mortgage to BAC Home Loans Servicing, L.P., and the assignment was subsequently recorded in the Kent County Register of Deeds. (Dkt. # 17-2.) BANA became the successor-in-interest to BAC Home Loans Servicing, L.P. as a result of a merger. (Dkt. # 17-3.) Carrington became the servicer of the Mortgage on August 1, 2014. (Dkt. # 1-1 at Page ID#12.)

Plaintiffs defaulted on their Mortgage payments in May 2013, and Carrington initiated foreclosure proceedings. (*Id.*) On January 7, 2015, a sheriff's sale was held, at which Carrington was the highest bidder. The sheriff's deed was recorded in the Kent County Register of Deeds on January 15, 2015. (Dkt. # 17-4.)

Plaintiffs filed their Complaint on May 18, 2015, alleging claims of wrongful foreclosure (Count I), violation of the Real Estate Settlement Procedures Act (RESPA) (Count II), negligence (Count III), breach of contract – unclean hands (Count IV), and silent fraud (Count V). The statutory redemption period expired on July 7, 2015.

## II. MOTION STANDARD

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Detailed factual allegations are

---

motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted).

not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957)). The court must accept all of the plaintiff's factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. DISCUSSION

**A.  Wrongful Foreclosure**

Because the redemption period has expired, the foreclosure may be set aside only if Plaintiffs make a clear showing of fraud or irregularity. *Overton v. Mortg. Elec. Registration Sys.*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009) (per curiam) (citing *Schulthies v. Barron*, 16 Mich. App. 246, 247–48, 167 N.W.2d 784, 785 (1969) (per curiam)). The fraud or irregularity must be present in the foreclosure process itself. *Williams v. Pledged Prop. II, LLC*, 508 F. App'x 465, 468 (6th Cir. 2012). Thus, the foreclosure may not be upset absent "a strong case of

fraud or irregularity, or some peculiar exigency." *United States v. Garno*, 974 F. Supp. 628, 633 (E.D. Mich. 1997) (citing *Detroit Trust Co. v. Aqozzino*, 280 Mich. 402, 405–06, 273 N.W. 747, 748 (1937), and *Calaveras Timber Co. v. Mich. Trust Co.*, 278 Mich. 445, 450, 270 N.W. 743, 745 (1936)); *see also Freeman v. Wozniak*, 241 Mich. App. 633, 637, 617 N.W.2d 46, 49 (2000) (observing that "in the absence of fraud, accident or mistake, the possibility of injustice is not enough to tamper with the strict . . . requirements" of the foreclosure statute). Plaintiffs fail to allege the requisite fraud or irregularity in the foreclosure process.[2]

**B.     RESPA Violation**

In Count II, Plaintiffs allege that Defendants violated RESPA by failing to comply with 12 C.F.R. § 1024.41, a regulation promulgated by the Consumer Financial Protection Bureau pursuant to section 1022(b) of the Dodd-Frank Act, 12 U.S.C. § 5512(b), and RESPA. *See Campbell v. Nationstar Mortg.*, 611 F. App'x 288, 296 (6th Cir. 2015). This provision prohibits, among other things, a mortgage loan servicer from foreclosing on a property in certain circumstances where the borrower has submitted a complete loan modification, or loss mitigation, application. *Id.* Plaintiffs allege that Defendants violated § 1024.41 by, among other things, failing to timely evaluate Plaintiffs for all FHA-HAMP (Home Affordable Modification Program) loss mitigation options, requesting additional loan modification documents and reassigning personnel to the case over five times, proceeding with a foreclosure without having evaluated Plaintiffs' request, and proceeding to notice and then hold a sheriff's sale on January 7, 2015. (Dkt. # 1-1 at Page ID##17–18.) In addition, Plaintiffs allege that Defendants violated 12 C.F.R. § 1024.38(b), which requires mortgage servicers that participate in HAMP to maintain certain servicing policies and procedures. In

---

[2]BANA also contends that Plaintiffs cannot possibly allege a wrongful foreclosure claim against it because Plaintiffs admit in their complaint that BANA had stopped servicing the loan as of July 11, 2014. In light of the other grounds for dismissal set forth above, the Court need not consider this argument.

particular, Plaintiffs allege that Defendants violated § 1024.38 by failing to transfer Plaintiffs' complete pending loss mitigation documentation from BANA to Carrington, failing to properly transfer Plaintiffs' Mortgage, Note, and payment history from BANA to Carrington, and failing to maintain adequate procedures to ensure that Carrington received Plaintiffs' pending complete loss mitigation application and a correct payment history to enable Carrington to properly evaluate Plaintiffs' loss mitigation request.  (*Id.* at Page ID#21.)

As an initial matter, Plaintiffs' claim fails to the extent that it is based on 12 C.F.R. § 1024.38 because Plaintiffs do not have a private right of action under that section.  *See Sharp v. Deutsche Bank Nat'l Trust Co.*, No. 14-CV-369-LM, 2015 WL 4771291, at *6–7 (D.N.H. Aug. 11, 2015) (concluding that, based upon the Consumer Financial Protection Bureau's interpretation of § 1024.38, a plaintiff has no private right of action to enforce the rule); *Deming-Anderson v. PNC Mortg.*, No. 15-CV-11688, 2015 WL 4724805, at *4 (E.D. Mich. Aug. 10, 2015) (citing the Consumer Financial Protection Bureau's final rule indicating that enforcement by the Bureau of provisions regarding servicing policies, procedures, and requirements would provide sufficient consumer protection without the necessity of subjecting loan servicers to litigation risk for violations of § 1024.38).  As for Plaintiffs' claim based on violations of § 1024.41, the regulation itself provides that "[n]othing in § 1024.41 imposes a duty on a servicer to provide any borrower with any specific loss mitigation option."  12 C.F.R. § 1024.41(a).  Moreover, RESPA does not authorize Plaintiff's request that the Court set aside the January 7, 2015 sheriff's sale.  *See Szczodrowski v. Specialized Loan Servicing, LLC*, No. 15-10668, 2015 WL 1966887, at *7 (E.D. Mich. May 1, 2015) (noting that "the principal relief sought by Plaintiffs-to set aside the foreclosure sale-is unavailable to them under REPSA [sic]"); *Bertschy-Gallimore v. U.S. Bank Nat'l Ass'n*, No. 1:15-CV-352, 2015 WL 3889260, at *8 (W.D. Mich. June 24, 2015) ("Even if a borrower does prove a violation of

RESPA, the statute provides that the remedy of setting aside the Sheriff's sale is unavailable; § 2605(f)provides that only actual monetary damages are available."). Although RESPA does provide a right of action to recover actual damages resulting from a servicer's failure to follow § 1024.41, *see id.* at *7, Plaintiffs fail to allege damages "that can be linked to defendant[s'] RESPA violations." *Houle v. Green Tree Servicing, LLC*, No. 14-CV-14654, 2015 WL 1867526, at *4 (E.D. Mich. Apr. 23, 2015); *see also Szczodrowski*, 2015 WL 1966887, at *7 (noting that to properly allege damages under RESPA a plaintiff must allege that the damages he suffered resulted from the defendant's failure to comply with RESPA). In the instant case, Plaintiffs fail to both set forth any factual allegations supporting a claim to actual damages and to link such damages to an alleged RESPA violation. Accordingly, the RESPA claim will be dismissed.

**C.  Negligence**

In Count III, Plaintiffs allege that Defendants breached their duty of care by failing to properly evaluate Plaintiffs' request for a loan modification. (Dkt. # 1-1 at Page ID##22–23.) Defendants contend that they owed Plaintiffs no duty apart from the contractual obligations they had with Plaintiffs and that a breach of such obligations would support only a claim for breach of contract. As the Sixth Circuit has observed, under Michigan law, "in order for an action in tort to arise out of a breach of contract, the act must constitute (1) a breach of duty separate and distinct from the breach of contract, and (2) active negligence." *Spengler v. ADT Servs., Inc.*, 505 F.3d 456, 457–58 (6th Cir. 2007). Moreover, "Michigan law does not impose a legal duty between a lender and a borrower, so there can be no breach of duty for purposes of stating a negligence claim." *Deming-Anderson*, 2015 WL 4724805 at *5 (internal quotation marks omitted); *see also Jozlin v. U.S. Bank Nat'l Ass'n*, No. 11-12749, 2012 WL 12760, at *6 (E.D. Mich. Jan. 4, 2012) (noting that "Michigan law does not recognize a fiduciary duty owed by lenders to borrowers in mortgage financing").

6

Plaintiffs' negligence claim appears to be based upon the alleged violations of 12 C.F.R. §§ 1024.38 and 1024.41, alleged in the RESPA claim. As set forth above, Plaintiffs do not have a private right of action to obtain damages for a violation of §1024.38, and the Court finds no basis in that section to conclude that it imposes a duty on mortgage services to borrowers. With regard to § 1024.41, courts have rejected negligence claims based on alleged violations of that section, concluding that it imposes no duty on servicers to exercise reasonable care in evaluating a borrower's application for a loan modification. For example, in *Deming-Anderson*, the court observed that § 1024.41 makes two references to "reasonable diligence," but neither reference appears to impose a duty of care on servicers in reviewing a borrower's application. 2015 WL 4724805, at *6. In *Szczodrowski*, the court held that because § 1024.41(a) "specifically disclaims any duty for a loan servicer to provide a loan modification," § 1024.41 cannot be deemed to impose a duty on a servicer for purposes of a negligence claim. 2015 WL 1966887, at *6. For these reasons, which the Court finds persuasive, the Court concludes that Plaintiffs cannot maintain a claim for negligence against Defendants based on § 1024.41.

**D.      Breach of Contract – Unclean Hands Doctrine**

In Count IV, Plaintiffs allege a claim captioned "breach of contract–unclean hands." In this claim, Plaintiffs allege that the Note and Mortgage constituted a contract with Defendants, that RESPA is one of the terms of the contract, and that Defendants breached the implied covenant of good faith and fair dealing by: (1) "[d]isingenuously negotiating loss mitigation assistance with Plaintiffs for years with no results"; (2) "[m]isleading Plaintiffs about reviewing their complete application and providing an affordable payment as an alternative to foreclosure"; (3) "[f]ailing to follow the notice requirements as implemented by 12 C.F.R. § 1024.41 and § 1024.38 as required by RESPA"; (4) "[f]ailing to properly evaluate the Plaintiffs' request for all home retention options offered by both Defendants in addition to their standard 'take it or give us the keys' program"; (5)

"[f]ailing to provide written notice of a proper evaluation of Plaintiffs' request to be evaluated for all home retention options"; and (6) "[f]ailure to follow RESPA . . . and its implementing regulation, Regulation X 24 CFR 3500 and its additional regulations added and effective on 01/10/2014, specifically 12 CFR § 1024.38 and § 1024.41, which is written into Plaintiffs' mortgage contract." (Dkt. # 1-1 at Page ID##24–25.)

Defendants argue that the breach of contract claim fails because Michigan does not recognize a separate claim for breach of the implied covenant of good faith and fair dealing, Plaintiffs' allegations are conclusory and provide no facts supporting the alleged breaches, there is no contractual provision requiring Defendants to provide Plaintiffs a loan modification, and, as the first breaching party, Plaintiffs cannot maintain an action against Defendants for breach of contract.

As Defendants correctly note, to the extent that Plaintiffs are alleging that Defendants breached the implied covenant of good faith and fair dealing, such claim fails because Michigan law does not recognize an independent action for breach of an implied covenant of good faith and fair dealing. *Coyer v. HSBC Mortg. Servs., Inc.*, 701 F.3d 1104, 1108 (6th Cir. 2012). Moreover, Plaintiffs fail to point to any provision of the Note or Mortgage that obligates Defendants to provide them with a loan modification. Although Plaintiffs cite 12 C.F.R. § 1024.41 as part of their breach of contract claim, as the Court has already noted, that section does not obligate a mortgage servicer to provide a loan modification. Finally, even if Plaintiffs could state a valid breach of contract claim, Michigan law precludes them from maintaining a claim for breach of contract claim because, by their default, they committed the first substantial breach of the parties' contract. Regarding Michigan law, the Sixth Circuit has stated: "He who commits the first substantial breach of a contract cannot maintain an action against the other contracting party for failure to perform." *Chrysler Int'l Corp. v. Cherokee Export Co.*, 134 F.3d 738, 742 (6th Cir. 1998) (quoting *Ehlinger v. Bodi Lake Lumber Co.*, 324 Mich. 77, 89, 36 N.W.2d 311, 316 (1949)); *see also Goodman v.*

*CitiMortgage, Inc.*, No. 15-12456, 2015 WL 6387451, at *4 (E.D. Mich. Oct. 22, 2015) (no question that plaintiffs breached the mortgage by failing to make the required loan payments). Here, there is no question that Plaintiffs' failure to make their payments under the Mortgage was a substantial breach. Accordingly, the breach of contract claim will be dismissed.

**E.     Silent Fraud**

Plaintiff's final claim, alleged in Count V, is for silent fraud. In particular, Plaintiffs allege that Defendants: (1) represented they would properly evaluate Plaintiffs for all home retention options; (2) implicitly denied Plaintiffs any home retention options by failing to act upon Plaintiffs' request for a modification; (3) repeatedly asked Plaintiffs for the same documentation over and over again, assuring Plaintiffs that they would be provided an affordable payment below 31% of their monthly income; and (4) failed to send out the required RESPA notices pursuant to 12 C.F.R. § 1024.41. (Dkt. # 1-1 at Page ID#26.) Plaintiffs allege that Defendants intended these representations to induce Plaintiffs to refrain from challenging the foreclosure. (*Id.*)

Plaintiffs' fraud claim fails to comply with Federal Rule of Civil Procedure 9(b), which requires that a party claiming fraud allege "the circumstances constituting fraud" with particularity. "This rule requires a plaintiff: (1) to specify the allegedly fraudulent statements; (2) to identify the speaker; (3) to plead when and where the statements were made; and (4) to explain what made the statements fraudulent." *Republic Bank & Trust Co. v. Bear Stearns & Co.*, 683 F.3d 239, 247 (6th Cir. 2012). Plaintiffs' allegations fall far short of meeting these requirements. Even more fatal to the claim is that it is premised upon an alleged modification agreement by a financial institution. As such, Michigan's statute of frauds—which provides that a loan modification is not enforceable unless memorialized in a writing containing an authorized signature by the lender—applies to Plaintiffs' claims. M.C.L. § 566.132(2); *see also Goss v. ABN AMRO Mortg. Grp.*, 549 F. App'x 466, 472 (6th Cir. 2013). Plaintiffs' fraud claim would require the Court to enforce oral promises

9

and representations, contrary to the statute of frauds. The lack of a signed writing precludes the fraud claim. *See Trombley v. Seterus Inc.*, 614 F. App'x 829, 833–34 (6th Cir. 2015); *Ennis v. Wells Fargo Bank, N.A.*, No. 1:10-CV-751, 2011 WL 1118669, at *5 (W.D. Mich. Mar. 25, 2011) (holding that the plaintiffs' silent fraud, intentional misrepresentation, and negligent misrepresentation claims based on the defendant's representations concerning modification of their mortgage were barred by the statute of frauds). Accordingly, Plaintiffs' fraud claim fails as a matter of law.

### IV. CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motions to Dismiss and dismiss the Complaint with prejudice.

An Order consistent with this Opinion will be entered.


Dated: November 13, 2015                    /s/ Gordon J. Quist
                                           GORDON J. QUIST
                                      UNITED STATES DISTRICT JUDGE